UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER,               ) | |
|    Plaintiff,        ) | |
|                              ) | |
|  v.                     ) | CAUSE NO.: 3:24-CV-438-JVB-AZ |
|                              ) | |
| MARNE JUESTEL, KIM PFLUGHAUPT, ) | |
| DEANNA J. LAUGHLIN, HOPE STEEL- ) | |
| DOVE,                        ) | |
|    Defendants.       ) | |

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that he has multiple sclerosis (MS), which is a chronic condition that will never go away. He requires ongoing care to treat the symptoms of MS. He alleges that he was prescribed the medication gabapentin for pain relief. Since he was transferred to segregation, he says nurses have been forgetting to give him his gabapentin because he was taking it in liquid form, which has to be refrigerated and so is kept separately from the other medication. He identifies Nurse Hope Steel-Dove as the nurse who was the worst about forgetting to give him his gabapentin. She forgot his gabapentin on March 6, 11, 15, and 28, April 2 and 17, and May 10,

2024, and other times. When he called it to her attention, she refused to go back and get the medication.

On April 8, 2024, Chandler asked Nurse Practitioner Marne Juestel to switch his gabapentin from liquid form to pill form, which doesn't have to be refrigerated and is less likely to be forgotten. That was also the day that his prescription expired, so he needed it to be renewed. NP Juestel told him that she would renew the prescription and change it to capsule form so that it would not be forgotten.

On April 9, 2024, Chandler submitted a health care request form, asking for his medications to be renewed. (ECF 1-1 at 3). RN Deanna J. Laughlin responded that his meds were good through July. *Id.* However, on April 21, 2024, he stopped getting gabapentin and was told his prescription never got renewed. Then, on April 24, 2024, he stopped getting the muscle relaxant baclofen.

On April 29, 2024, Chandler alleges he saw NP Kim Pflughaupt. At that visit, she renewed the prescriptions for gabapentin and baclofen. He began receiving gabapentin on May 1, 2024, and baclofen on May 2, 2024. He went without medication for 11 days, causing him to suffer needlessly from pain, muscle cramps, and spasms during that time.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, there is no question that symptoms of multiple sclerosis are a serious medical need. The Court turns, therefore, to whether any of the defendants were plausibly deliberately indifferent to that medical need.

Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024).

Chandler may proceed against Nurse Hope Steel-Dove. She allegedly forgot the liquid gabapentin more than seven times over two to three months. Occasionally forgetting medication is negligence, not deliberate indifference. But, here, the repeated forgetting plus the refusal to go get it allows a reasonable inference at the pleading stage that Nurse Steel-Dove was deliberately indifferent to Chandler's serious medical needs.

Chandler does not state a claim for deliberate indifference against the other defendants, though. He blames NP Marne Juestel, RN Deanna Laughlin, and NP Kim Pflughaupt for the 11 days in which he did not receive gabapentin and baclofen. A failure to renew an ongoing prescription can constitute deliberate indifference under certain circumstances. *See Diaz v. Godinez*, 693 F. App'x 440, 444–45 (7th Cir. 2017) (reversing grant of summary judgment to correctional medical technician based on evidence that technician impeded inmate's multiple efforts to get a prescription renewed). Here, however, Chandler alleges no interference with his attempts to renew his prescriptions. He alleges that his prescription expired on April 8, 2024, when

he saw NP Juestel. She said she would renew his prescription, and he did, in fact, continue to receive it after the previous prescription was supposed to expire. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Chandler does not connect NP Juestel to the discontinuation of his medication almost two weeks after the earlier prescription was to expire.

Similarly, there are no allegations connecting RN Deanna Laughlin to the discontinuation of his medication. Because Chandler continued to receive the medication after the prescription was supposed to expire on April 8, the Court cannot infer wrongdoing on the part of RN Laughlin for responding to Chandler's April 9 medical request that the prescription was good until July.

Finally, NP Kim Pflughaupt cannot be held liable for the 11-day period in which Chandler was without his medication. The complaint alleges that he saw her after the medications were discontinued and she renewed the prescriptions. He began receiving those medications within days. She had no alleged personal involvement in the discontinuation of his medication and must be also dismissed.

For these reasons, the Court:

(1) **GRANTS** Kyle Chandler leave to proceed against Nurse Hope Steel-Dove in her individual capacity for compensatory and punitive damages for forgetting to administer Chandler's liquid gabapentin several times in March, April, and May 2024 and refusing to go back and get it in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Marne Juestel, Kim Pflughaupt, and Deanna J Laughlin;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve

process on) Nurse Hope Steel-Dove at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(6) **ORDERS** Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Nurse Hope Steel-Dove to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 11, 2024.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT