UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-438-PPS-AZ |
| HOPE STEELE-DOVE, | |
| Defendant. | |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, is proceeding in this case "against Nurse Hope Steele-Dove[1] in her individual capacity for compensatory and punitive damages for forgetting to administer Chandler's liquid gabapentin several times in March, April, and May 2024 and refusing to go back and get it in violation of the Eighth Amendment[.]" ECF 5 at 4. On January 6, 2025, Nurse Steele-Dove filed a motion for summary judgment, arguing Chandler did not exhaust his available administrative remedies before filing this lawsuit. ECF 17. With the motion, Nurse Steele-Dove provided Chandler the notice required by N.D. Ind. L.R. 56-1(f). ECF 20. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

---

[1] In her Motion for Summary Judgment, Defendant clarifies that the correct spelling of her last name is "Steele-Dove." ECF 17 at 1. Chandler erroneously spelled her name in his suit as "Hope Steel-Dove." ECF 1 at 2. I will use the correct spelling "Steele-Dove" throughout the opinion.

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Chandler's deadline to respond until April 22, 2025, and warned him that if he did not respond by that deadline the court may rule on the summary judgment motion without a response. ECF 23. This deadline passed over three months ago, but Chandler still has not responded. Therefore, I will now rule on Steele-Dove's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Nurse Steele-Dove provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Chandler's grievance records, which show the following facts:[2] During all relevant times, an Offender Grievance Process was in place at ISP. ECF 17-2 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Offender Grievance Manager. *Id.* Chandler submitted several relevant grievances at ISP, but did not fully exhaust any of those grievances. *Id.* at 3-8.

Specifically, on March 15, 2024, Chandler submitted Grievance 174709, complaining Nurse Steele-Dove had not been giving him his liquid gabapentin. ECF 17-2 at 3-4, 23. On April 2, 2024, the grievance office processed this grievance and noted its response was due by July 3, 2024. *Id.* at 24. While Chandler was waiting for a response

---

[2] Because Chandler has not responded to Nurse Steele-Dove's summary judgment motion, I accept the Grievance Specialist's attestations and the contents of Chandler's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

to Grievance 174709, he submitted a new grievance, Grievance 177878, again complaining Nurse Steel-Dove had not been giving him his gabapentin. *Id.* at 4-5, 27. Chandler then submitted numerous additional grievances complaining Nurse Steele-Dove had not been giving him his gabapentin. *Id.* at 5-7, 31-40.

On June 12, 2024, the grievance office issued a response denying Chandler's initial grievance, Grievance 174709, on its merits, noting his gabapentin had been discontinued by medical staff. ECF 17-2 at 24. Chandler checked that he disagreed with this response and was provided an appeal form, but he never filled out and submitted the appeal form. *Id.* at 4, 24-25. Also on June 12, 2024, the grievance office issued a response denying Chandler's second grievance, Grievance 177878, on its merits, noting it was duplicative of Grievance 174709. *Id.* at 5, 28-29. Chandler again checked that he disagreed with this response and was issued another appeal form, but never filled out and submitted this appeal form. *Id.* at 5, 29-30. The grievance office then rejected the various other grievances Chandler submitted either because they were submitted too early or because they were duplicative of Grievances 174709 and 177878. *Id.* at 5-7, 31-40.

Here, Nurse Steele-Dove has provided undisputed evidence Chandler did not exhaust his available administrative remedies before filing this lawsuit, as the undisputed evidence shows he submitted numerous relevant grievances but did not fully exhaust any of these grievances. Specifically, it's undisputed Chandler submitted two relevant grievances which were processed by the grievance office and denied on their merits, and Chandler did not appeal the denial of either of these grievances

4

despite being provided with appeal forms. It's also undisputed the grievance office rejected various other grievances Chandler submitted while awaiting a response to his initial grievances, and Chandler doesn't argue or provide any evidence these grievances were improperly rejected. Accordingly, because it's undisputed Chandler did not fully exhaust any of his relevant grievances, and there's no evidence his administrative remedies were in any way unavailable, Nurse Steele-Dove has met her burden to show Chandler did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Nurse Steele-Dove's motion for summary judgment (ECF 17); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Steele-Dove and against Kyle Chandler and to close this case.

SO ORDERED on July 30, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT